IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARTY BLEVINS,<br><br>    Plaintiff,<br><br>v.<br><br>DILLARD DOOR & SECURITY, INC.,<br>JOHNSON EQUIPMENT COMPANY,<br>JOHN DOE, HYOSUNG HICO, LTD.,<br>ACTION DOCK SERVICES, INC.,<br><br>    Defendants. | No. 2:25-cv-2698-SHL-tmp |

**ORDER GRANTING DEFENDANT HYOSUNG HICO, LTD.'S MOTION TO DISMISS**

Before the Court is Defendant Hyosung HICO, Ltd.'s ("HICO") Motion to Dismiss, filed September 19, 2025. (ECF No. 42.) Plaintiff Marty Blevins responded on September 22 (ECF No. 44), and HICO replied on October 1 (ECF No. 48). Because HICO enjoys immunity under the Tennessee's Workers' Compensation Law ("TWCL") from the claims Blevins alleges against it, the Motion is **GRANTED**.

**BACKGROUND**[1]

This case involves injuries Blevins suffered on October 9, 2024, when he "attempted to utilize the industrial/commercial garage door" at HICO in Memphis, where he worked, "and suffered an injury to his body." (Id. at PageID 138.) Blevins asserts that those injuries were both temporary and permanent, and include, "among other things, severe pain, shoulder, physical suffering, injury to his upper torso, hips, legs, arms, ankles, lumbar spine, head, neck[], back, fear, mental anguish, loss of enjoyment of life and out[-]of[-]pocket expenses." (Id. at PageID

---

[1] The Court only discusses the facts that are pertinent to Defendant's Motion. The facts are taken from the amended complaint (the "Amended Complaint") (ECF No. 21), and are accepted as true for purposes of ruling on the Motion.

141.)

According to Blevins, he was informed that the garage door was repaired by one or all of defendants Dillard Door & Security, Inc. ("Dillard"), Johnson Equipment Company ("Johnson"), or John Doe. (Id. at PageID 138.) He asserts that one or more of the Defendants was responsible for the repairs and maintenance of the garage door, that they owed him a duty to safely maintain and repair the garage door, and that they had actual or constructive notice of the condition or hazard the garage door presented. (Id. at PageID 138–39.)

Blevins asserts claims against Defendants for negligence and res ipsa loquitur, and alleges that they committed the following intentional acts that resulted in his injuries:

    a. Defendant(s) did not maintain the industrial/commercial garage door that harmed Plaintiff;
    b. Defendant(s) willfully, deliberately and/or intentionally disregarded and/or were deliberately indifferent to the hazard it created and caused injury to Plaintiff;
    c. Defendant(s) materially altered and/or changed the industrial/commercial garage door that harmed Plaintiff;
    d. Defendant(s) removed safety portions of the industrial/commercial garage door that harmed Plaintiff;
    e. Defendant(s) did not warn and/or otherwise notify Plaintiff of the hazards that they created that harmed Plaintiff;
    f. Defendant(s) placed Plaintiff in a specific position/location intend[ing] to harm and/or in intentional disregard for safety which harmed Plaintiff;
    g. Defendant(s) placed Plaintiff around a[n] industrial/commercial garage door that was in disrepair with the intentional disregard to his safety; and,
    h. Defendant(s) placed Plaintiff in a[n] industrial/commercial garage door that was in the process of being repaired and for which Plaintiff should not have been involved with the intentional disregard to his safety.

(Id. at PageID 139–40.)

In addition to Dillard, Johnson, John Doe, and HICO, Blevins also named Action Dock Services, Inc. ("Action Dock"), as a Defendant. Blevins added both HICO and Action Dock as parties in his Amended Complaint after Dillard and Johnson asserted in their answers to his original complaint that HICO and Action Dock were comparatively at fault for Blevins' injuries.

2

Blevins seeks $1 million in compensatory damages and $1 million in punitive damages. (Id. at PageID 141.)

In its Motion, HICO asserts that Blevins' exclusive remedy against it is through the TWCL, Tenn. Code Ann. §§ 50-6-101, et seq., thus rendering it immune from the claims in this lawsuit. (ECF No. 42-1 at PageID 234.)

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation," is insufficient under Rule 8. Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

## ANALYSIS

The TWCL provides that compensable injuries are those "caused by a specific incident . . . arising out of and in the scope of employment, and is identifiable by the time and place of

3

occurrence," and "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury." Tenn. Code Ann. § 50-6-102(12)(A–B). "The rights and remedies . . . granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident . . . shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury or death." Tenn. Code Ann. § 50-6-108(a). In other words, "workers' compensation law provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury." Doe v. Matthew 25, Inc., 322 F. Supp. 3d 843, 851 (M.D. Tenn. 2018) (quoting Valencia v. Freeland & Lemm Constr. Co., 108 S.W.3d 239, 242 (Tenn. 2003)). Immunity under the TWCL is inapplicable, however, if "the worker can show that the employer actually intended to injure the employee." Scarborough v. Brown Grp., Inc., 935 F. Supp. 954, 961 (W.D. Tenn. 1995); see also Valencia, 108 S.W.3d at 242 ("As have other jurisdictions, Tennessee courts have created an exception to the exclusivity provision for intentional torts committed by an employer against an employee; these torts give rise to a common-law tort action for damages.") (citations omitted).

  HICO asserts that, not only is Blevins not entitled to recover for claims based on negligence pursuant to its immunity under the TWCL, but he also has failed to allege any facts that show that HICO actually intended to injure him, rendering his claims against HICO outside of the exception applicable to intentional torts.

  The bulk of Blevins' response to the Motion is cut-and-pasted allegations from his complaint and a recitation of the legal standard governing motions to dismiss. He spends fewer than two of the thirteen pages arguing the "merits" of the Motion, and ignores completely HICO's arguments that any negligence claims against it are dismissible based on its immunity under the TWCL. And Blevins only superficially addresses HICO's argument that the amended

4

complaint fails to sufficiently plead HICO engaged in any intentional actions that would entitle him to recovery. He does not address any of the legal authority from HICO's brief, and instead asserts broadly that HICO cannot "hide behind the 'exclusive remedy' of Tennessee Workers' Compensation Law," as it "does not preclude Defendant's liability and/or responsibility for its intentional actions and/or inactions." He baldly states that "the intentional actions and/or inactions of Defendant are pled with specificity for Defendants to be placed on notice of liability and/or responsibility irrespective of Tennessee Workers' Compensation Law." (ECF No. 44 at PageID 259.)[2]

As a starting point, Blevins does not dispute that his Amended Complaint alleges that the injuries he suffered occurred during the course of and scope of his employment with HICO. Moreover, to the extent that Blevins asserts HICO is liable based on negligence, his response to the Motion does not, and could not, successfully challenge HICO's argument that the exclusive remedy for those claims is the TWCL. Blevins' claims based on HICO's negligence fail to state a claim, and are **DISMISSED**.

---

[2] Blevins also asserts that, if by referencing Chatman v. Doe, No. 2:23-cv-2024, 2023 WL 4188059 (W.D. Tenn. June 26, 2023), HICO "seeks this Court to review matters outside of the pleadings in the case at bar, Defendant's Rule 12(b)(6) Motion to Dismiss should be converted to a Rule 56 Motion for Summary Judgment and, thereby, permit Plaintiff the opportunity via discovery to defendant against and/or otherwise challenge the sufficiency of Defendant's Motion." (ECF No. 44 at PageID 259–60.) "If a district court considers materials outside the pleadings at the motion to dismiss stage, it must ordinarily convert the motion to dismiss into a motion for summary judgment. Wershe v. City of Detroit, Mich., 112 F.4th 357, 372 (6th Cir. 2024), cert. denied sub nom. Wershe v. City of Detroit, 145 S. Ct. 1128 (2025) (citing Mediacom Se. LLC v. BellSouth Telecomms., Inc., 672 F.3d 396, 399 (6th Cir. 2012)). However, Chatman is cited by HICO in support of the legal principle that workers' compensation is typically the exclusive remedy where an employee has suffered an injury while on the job. Arguing that an order in another case outlining a legal principle is somehow relying on material outside of the pleadings ignores a court's ability to rely on persuasive authority and could, in certain circumstances, undercut the impact of precedent.

Blevins' complaint is also bereft of any allegations that demonstrate that HICO had the actual intent to injure him. Section V of the Amended Complaint purports to outline eight different ways HICO and the other Defendants intentionally acted to harm Blevins. (See ECF No. 21 at PageID 139–40.) Although those allegations invoke the words that Defendants "intended to harm" him and that Defendants acted with an intentional disregard for his safety, they do not establish a right to recovery under the intentional acts exception to the TWCL, much less ones specific to any Defendant, given the lack of actual factual allegations as well as the applicable law.

As this Court explained, "under Tennessee law, '[t]here is a distinct difference in fact and law between gross or criminal negligence and actual intent to injure.'" Scarborough, 935 F. Supp. at 961 (quoting King v. Ross Coal Co., 684 S.W.2d 617, 619 (Tenn. Ct. App. 1984)). In other words, "[t]he common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of general intentional injury." Id. (quoting King, 684 S.W.2d at 619). So, "[e]ven if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, . . . this still falls short of the kind of actual intention to injure that robs the injury of accidental character." Id. (quoting King, 684 S.W.2d at 619)).

Here, there are no allegations in the Amended Complaint that support Blevins' assertion that HICO actually intended to injure him, and indeed nothing other than empty words attempting to support intentional acts. The Court is not required to accept as true such unadorned legal conclusions. See Hart v. Hillsdale Cnty., Mich., 973 F.3d 627, 636 (6th Cir. 2020) (finding that a plaintiff failed to plausibly allege intentional behavior when his "only allegations regarding deliberate or intentional behavior are the bare assertions that Defendants behaved deliberately") (citation omitted). Because the TWCL "provides the exclusive remedies

6

for all injuries occurring to an employee by way of accident during the course of and in the scope of employment, unless 'actual intent' is alleged," and Blevins has failed to allege actual intent, he has failed to state a claim against HICO for which relief could be granted. <u>Valencia</u>, 108 S.W.3d at 243.

## CONCLUSION

For the foregoing reasons, HICO's Motion to Dismiss is **GRANTED**, and the claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 20th day of October, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
