```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

_____

| | |
|---|---|
| MARTY BLEVINS, | ) |
|     Plaintiff, | ) |
| v. | )    No. 25-cv-2698-TMP |
| DILLARD DOOR & SECURITY, INC., | ) |
| JOHNSON EQUIPMENT COMPANY, | ) |
| JOHN DOE, HYOSUNG HICO, LTD, | ) |
| and ACTION DOCK SERVICES, INC., | ) |
|     Defendants. | ) |

_____

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
_____

Before the court is Plaintiff Marty Blevins's Motion to Strike and/or Limit Affirmative Defenses.[1] (ECF No. 59.) For the reasons below, Plaintiff's motion is DENIED.

### I.   BACKGROUND

Blevins filed his original complaint in the Shelby County Circuit Court in Memphis, Tennessee, on June 2, 2025, against Defendants Dillard Door & Security, Inc. ("Dillard"), Johnson Equipment Company ("JECO"), and John Doe for injuries he sustained while he was employed by and working for Hyosung Hico ("HICO") at its facility. (ECF No. 1 at PageID 1.) On July 7, 2025, Defendant

---

[1] On November 3, 2025, the parties consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 72.1. (ECF No. 63.)

Dillard removed the action to the United States District Court for the Western District of Tennessee. (Id.) On August 13, 2025, Plaintiff filed an Amended Complaint, adding as named defendants Defendant HICO and Defendant Action Dock Services, Inc. ("Action Dock"), bringing causes of action based on negligence, the doctrine of *res ipsa loquitur*, and alleged intentional torts against all Defendants. (ECF No. 21.) Three of the Defendants subsequently filed answers to the amended complaint—JECO and Dillard on August 27, 2025, and Action Dock on September 3, 2025. (ECF Nos. 35, 37, and 40.) HICO filed a Motion to Dismiss on September 19, 2025. (ECF No. 42.) That Motion to Dismiss was granted on October 20, 2025, because "HICO enjoys immunity under the Tennessee's Workers' Compensation Law ("TWCL") from the claims Blevins allege[d] against it[.]" (ECF No. 61 at PageID 327.)

The same day, Blevins filed his Motion to Strike, arguing that "Defendants Dillard Door & Security, Inc., Johnson Equipment Company and Action Dock Services, Inc. have . . . pled as Affirmative Defenses the comparative fault of Defendant Hyosung Hico, Ltd. [and that] these Affirmative Defenses are improperly pled and should be stricken as a matter of law." (ECF No. 59 at PageID 318.) Alternatively, he argues that "these Affirmative Defenses should be limited as a matter of law." (Id.) All three

Defendants filed Responses in Opposition on November 3, 2025. (ECF Nos. 64, 65, and 66.)

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 12(f) allows "[t]he [C]ourt [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may either do so "on its own[] or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). "An allegation is 'impertinent' or 'immaterial' when it is not relevant to the issues involved in the action." Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC, No. 21-cv-11621, 2023 WL 3676941, at *5 (E.D. Mich. May 26, 2025) (quoting Neal v. City of Detroit, No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018)); see also Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike should only be granted "when the pleading to be stricken has no possible relation to the controversy." Briscoe v. St. Jude Child. Hosp., Inc., No. 24-cv-3013, 2025 WL 1186902, at *1 (W.D. Tenn. Apr. 23, 2025) (citing Brown & Williamson Tobacco, 201 F.2d at 822). "'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or

states anything in repulsive language that detracts from the dignity of the court." Sizzling Black Rock, 2023 WL 3676941, at *5 (quoting Neal, 2018 WL 1399252, at *1).

"Motions to strike are viewed with disfavor and are not frequently granted." C.S. v. McCrumb, 135 F.4th 1056, 1068 n.10 (6th Cir. 2025) (quoting Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015)). "A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" Operating Eng'rs, 783 F.3d at 1050 (internal citations omitted). A district court has wide discretion to strike redundant, immaterial, impertinent, or scandalous material from a pleading. Gaskins v. Swope Ventures, Inc., 645 F. Supp.3d 682, 685 (W.D. Ky. 2022). "However, 'because of the practical difficulty of deciding cases without a factual record[,] it is well-established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only for the purposes of justice.'" Sizzling Black Rock, 2023 WL 3676941, at *5

(quoting Brown & Williamson Tobacco, 201 F.2d at 822); see also Operating Eng'rs, 783 F.3d at 1050.

An affirmative defense only needs to "provide 'fair notice of the nature of the defense.'" [2] HLFIP Holdings, Inc. v. Rutherford Cnty., Tenn., No. 3:19-cv-00714, 2022 WL 628513, at *1 (M.D. Tenn. Mar. 2, 2022) (quoting Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006)). "Under Sixth Circuit case law, a defendant asserting an affirmative defense is not required to plead specific supporting facts." McLamore v. Regions Bank, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010), *aff'd*, 682 F.3d 414 (6th Cir. 2012) (collecting cases); see also

---

[2] The court notes that "the Sixth Circuit has not directly addressed the issue of whether the pleading standards set forth in Iqbal and Twombly apply to pleading affirmative defenses." Mosley v. Friauf, No. 3:22-cv-120, 2022 WL 20669414, at *2 (E.D. Tenn. Sept. 14, 2022); see also Depositors Ins. Co. v. Ryan, 637 F. App'x 864, 869 (6th Cir. 2016). The undersigned, however, has previously found "that the plausibility pleading standard does not apply to affirmative defenses. Instead, the defendant's answer is properly analyzed under the 'fair notice' standard, which requires that defendants provide 'fair notice of the defense that is being advanced [and] the grounds for entitlement to relief.'" Ellis v. Majestic Operations, LLC, No. 22-cv-02511, 2023 WL 1768133, at *3 (W.D. Tenn. Feb. 3, 2023) (quoting Bolton v. United States, No. 2:12-CV-3031-JPM-dkv, 2013 WL 3965427, at *3 (W.D. Tenn. Aug. 1, 2013)); Briscoe, 2025 WL 1186902, at *2. The Sixth Circuit has "held post-Iqbal and post-Twombly that a defendant properly pleaded a statute-of-repose defense under Rule 8 when its answer simply stated that 'Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose.'" Montgomery v. Wyeth, 580 F.3d 455, 468 (6th Cir. 2009). Additionally, multiple other district courts in the Sixth Circuit have concluded that "a defendant asserting an affirmative defense is not required to plead specific supporting facts." McLamore, 2010 WL 1010092, at *13 (collecting cases).

Briscoe, 2025 WL 1186902, at *2. The sufficiency of an affirmative defense is "analyzed under the fair notice standard, which requires that defendants provide fair notice of the defense that is being advanced [and] the grounds for entitlement to relief." Briscoe, 2025 WL 1186902, at *2 (internal quotations omitted); see also Lawrence, 182 F. App'x at 456.

Federal courts look at state law to determine whether a contention is an affirmative defense. Faulkner v. MX Sports, Inc., Case No. 3:23-cv-00802, 2025 WL 2600016 at *2 (M.D. Tenn. Sept. 8, 2025) (citing Roskam Baking Co. v. Lanham Mach. Co., 288 F.3d 895, 901 (6th Cir. 2002)). Tennessee Rule of Civil Procedure 8.03 designates workers' compensation immunity and comparative fault as affirmative defenses. Tenn. R. Civ. P. 8.03.

**B.   Plaintiff's Motion to Strike is Denied as Untimely**

All three Defendants argue that Plaintiff's Motion to Strike is untimely under Rule 12(f), and the court agrees. Rule 12(f) provides that a party may file a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Defendants JECO and Dillard filed their answers to the amended complaint on August 27, 2025. (ECF Nos. 35 and 37.) Action Dock filed theirs on September 3, 2025. (ECF No. 40.) Blevins did not file his Motion to Strike until October 20, 2025. (ECF No. 59.) Blevins's twenty-one days to file his Motion to Strike expired on September 17, 2025, as to JECO and Dillard, and on September 24,

2025, as to Action Dock. Given that Blevins's filing was more than twenty-one days after Defendants filed their answers, his motion is untimely under Rule 12(f)(2). Blevins's Motion to Strike is therefore denied as untimely.

**C.  Plaintiff's Motion to Strike is Additionally Denied on the Merits**

In order to get a defense stricken from a pleading, the moving party must show that it is "insufficient" or that it is "redundant, immaterial, impertinent, or scandalous." Fed R. Civ. P. 12(f). Although Blevins argues that the affirmative defense is "improper," he does not argue that the Defendants' workers' compensation defense is "redundant, immaterial, impertinent, or scandalous." In any event, the Defendants meet the requirements of Rule 8 in their pleadings, stating in short, plain terms their affirmative defense and providing fair notice to Blevins. Therefore, Blevins's Motion to Strike is denied.

**D.  Evidentiary Decisions are Premature**

Blevins argues, in the alternative, that if the affirmative defenses are allowed, they should be "limited" pursuant to Federal Rules of Evidence 103, 104, and 105. (ECF No. 59 at 318-21.) Plaintiff states simply that "[e]vidence may be limited by the court" and that "[t]he limitations on evidence may be made via Motion and/or via the court on its own initiative." (Id. at PageID

318-19.) He makes no further argument other than to quote the rules of evidence he relies on. (Id. at PageID 319-21.)

JECO is the only Defendant that addresses Blevins's evidentiary arguments. (ECF No. 64 at PageID 349.) They argue that "Plaintiff does not argue that the defenses have no possible relation to the case, or that the potential evidence would be redundant, immaterial, impertinent, or scandalous." (Id.) They further argue that "Plaintiff's request is premature, as evidence admissibility issues are more appropriately addressed through a motion *in limine* prior to trial." (Id.)

Quoting the rules of evidence and stating that the Defendant's affirmative defenses should be limited is not sufficient grounds on which to limit those affirmative defenses. Blevins fails to meet his burden to show that the Defendants' affirmative defenses should be limited. Additionally, this evidentiary motion is premature in this case where discovery is not yet complete. Thus, Blevins Motion to Limit Affirmative Defenses is denied.

### III. CONCLUSION

For the foregoing reasons, Belvins's Motion to Strike and/or Limit Affirmative Defenses is DENIED.

Respectfully submitted,

```
s/ Tu M. Pham
```
TU M. PHAM
Chief United States Magistrate Judge

```
December 19, 2025
```
Date